CHICAGO, ST. PAUL & KANSAS CITY RAILWAY COMPANY

v.

ANNA E. ANDERSON, ADMINISTRATRIX.

*Railroads—Negligence—Personal Injuries—Crossings—Signals—Obstructions to view—Contributory Negligence—Evidence.*

1. Testimony as to the general habits of deceased as to care and caution, is admissible in a personal injury case only where no witness was present at the time of an accident, and the exact manner in which the death occurred can not be made to appear to the jury.

2. In the case presented, this court holds, in view of the evidence, that deceased met his death through his own negligence.

[Opinion filed May 25, 1893.]

APPEAL from the Circuit Court of Ogle County; the Hon. JAMES SHAW, Judge, presiding.

Messrs. J. C. SEYSTER and J. B. STEPHENS, for appellant.

Messrs. BAXTER & GARDNER and O'BRIEN & O'BRIEN, for appellee.

MR. JUSTICE HARKER. This was an action by appellee to recover for the killing of Abram S. Anderson, by a train of cars on appellant's road, while he was attempting to cross the railroad track with his sled and team at a highway crossing. The negligence charged in the declaration was, first, negligent management of the train; second, failure to ring bell or sound whistle; third, allowing obstruction to remain on the right of way so as to prevent one from seeing an approaching train; fourth, failure to keep a flag-man at the crossing. There was a recovery for $2,000.

The evidence shows that the deceased was killed at a point where the Meridian Road crosses appellant's railroad, near the station of Stillman Valley. It was a very cold day in January, 1888. Deceased was riding in a bob-sled drawn by two horses, on one of which was a string of bells. He was closely wrapped in fur overcoat, muffler, etc., and when

seen, but a few rods from the track, was seated in his sled with the front of his body and face turned in the direction opposite to that from which the train was approaching. Had he looked for a train coming from the west he could have seen the one which collided with him in ample time to stop his team and avoid the accident. He could have seen the train approaching when he was fifty-five feet from the track.

There was a conflict in the evidence as to whether the bell on the engine was rung continuously for eighty rods before reaching the crossing; but we think the preponderance shows that it was. It does not appear from the evidence that the engineer could have so managed his engine as to avoid the accident, or that there was any negligence in the manner in which the train was being operated.

No such duty rested upon appellant as to keep a flagman at the crossing where Anderson was killed.

To entitle the plaintiff to recover it was incumbent on her to show, by a preponderance of the evidence, that the deceased was, at the time of the accident, in the exercise of ordinary care for his own safety. Instead of that fact appearing from the evidence the contrary appears. Doubtless the testimony showing the general habits of the deceased as to care and caution had great influence with the jury.

We understand that such evidence is proper only in a case where no witness was present at the time of the accident and the exact manner in which the deceased met his death can not be made to appear to the jury. C., R. I. & P. Ry. Co. v. Clark, 108 Ill. 113. In this case the evidence should have been excluded or its effect guarded against by an appropriate instruction.

The fourth instruction given for the appellee was confusing; it invaded the province of the jury and doubtless worked prejudice to the appellant.

The judgment should be reversed and the cause remanded.                                    *Reversed and remanded.*

CARTWRIGHT, P. J., took no part in the decision of this case.